Keith J. Miller
Justin T. Quinn
ROBINSON MILLER LLC
One Newark Center
Newark, New Jersey 07102
973-690-5400
kmiller@rwmlegal.com
jquinn@rwmlegal.com

OF COUNSEL:
Frank M. Gasparo (*Pro Hac Vice*)
Ralph A. Dengler (*Pro Hac Vice*)
Todd M. Nosher
Andrew P. MacArthur
VENABLE LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone No.:  (212) 307-5500
Facsimile No.:  (212) 307-5598
FMGasparo@venable.com
RADengler@venable.com
TMNosher@venable.com
APMacArthur@Venable.com

*Attorneys for Defendants FriendFinder
Networks, Inc. and Streamray Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WAG ACQUISITION, L.L.C., Plaintiff, v. FRIENDFINDER NETWORKS INC., STREAMRAY INC. and DOES 1-20, Defendants. | Civil Action No. 14-03456 (ES) (MAH) *DOCUMENT FILED ELECTRONICALLY* |

## DEFENDANTS FRIENDFINDER NETWORKS INC. AND STREAMRAY INC.'S
## FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendants FriendFinder  Networks Inc. and Streamray Inc. (collectively "Defendants"), by and through their undersigned counsel, hereby respond to the First Amended Complaint ("FAC") of Plaintiff WAG Acquisition, L.L.C. ("WAG"), by way of the following First Amended Answer, Defenses, and Counterclaims.  Defendants deny all WAG's allegations preceding the numbered paragraphs to WAG's FAC unless expressly admitted below.

## PARTIES

1.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2.   Defendants deny the allegations set forth in Paragraph 2 and state that FriendFinder Networks, Inc. is a California corporation with its principal place of business at 910 E. Hamilton Avenue, Campbell, California 94089 and is not doing business under the trade names Penthouse, Various, Inc. or Cams.com.

3.   Defendants deny the allegations set forth in Paragraph 3 and states Streamray Inc. is a California corporation with its principal place of business at 910 E. Hamilton Avenue, Campbell, California 94089.

4.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the DOE defendants set forth in Paragraph 4. Defendants, however, deny that they infringe any claim of the Patents-in-Suit and deny that they act in concert with any third parties to infringe any claim of the Patents-in-Suit.

## JURISDICTION AND VENUE

5.   Defendants admit that the present action purports to arise under the patent laws of the United States.  The remaining allegations in Paragraph 5 are legal conclusions that do not require a response from Defendants.

6.  Paragraph 6 states a legal conclusion and does not require a response from Defendants.

## PLAINTIFF'S ALLEGED BUSINESS AND DEVELOPMENTS

7.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.  Defendants, however, deny the implication in Paragraph 8 that the Patents-in-Suit are directed to novel, non-obvious and patentable subject matter and that such patents met any long felt need in the field of Internet delivery of broadcast media due to any alleged shortcomings named in Paragraph 8.

9.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.  Defendants, however, deny the implication in Paragraph 9 that the Patents-in-Suit are directed to novel, non-obvious and patentable subject matter, and that such patents met any long felt need in the field of Internet delivery of broadcast media due to any alleged shortcomings named in Paragraph 8.  Defendants further deny the implication in Paragraph 9 that the named inventors exercised diligence in connection with the conception and reduction to practice of the purported invention.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.  Defendants, however, deny the implication in Paragraph 10 that the Patents-in-Suit are directed to novel, non-obvious and patentable subject matter and that such patents met any long felt need in the field of Internet delivery of broadcast media due to any alleged shortcomings named in Paragraph 8.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.   Defendants, however, deny the implication in

Paragraph 11 that the Patents-in-Suit are directed to novel, non-obvious and patentable subject matter.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.  Defendants, however, deny the implication in Paragraph 12 that WAG is the lawful owner or assignee of the Patents-in-Suit.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

### WAG'S ALLEGATIONS REGARDING DEFENDANTS' BUSINESS ACTIVITIES

14. Defendants deny the allegations set forth in Paragraph 14.

15. Paragraph 15 contains WAG's characterization of accused websites which is not an allegation and therefore does not require a response from Defendants.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16. Paragraph 16 contains WAG's characterization of "Defendants' websites" which is not an allegation and therefore does not require a response from Defendants.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17. Defendants deny the allegations set forth in Paragraph 17.

18. Paragraph 18 contains WAG's characterization of "an Affiliate program" which is not an allegation and therefore does not require a response from Defendants.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18.

19. Paragraph 19 contains WAG's characterization of "Defendants' business success" which

is not an allegation and therefore does not require a response from Defendants.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20. Defendants deny the allegations set forth in Paragraph 20.

21. Paragraph 21 contains WAG's characterization of "computer and network infrastructure," which is not an allegation and therefore does not require a response from Defendants.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21.

22. Paragraph 22 contains WAG's characterization of "servers" which is not an allegation and therefore does not require a response from Defendants.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

23. Paragraph 23 contains WAG's characterization of "IP addresses," which is not an allegation and therefore does not require a response from Defendants.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24. Paragraph 24 contains WAG's characterization of "Internet domain names" and IP addresses" which is not an allegation and therefore does not require a response from Defendants. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25. Paragraph 25 contains WAG's characterization of "IP addresses," which is not an allegation and therefore does not require a response from Defendants.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27. Paragraph 27 contains WAG's characterization of "users visiting cams.com" which is not an allegation and therefore does not require a response from Defendants.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

29. Defendants deny that they infringe any claim of WAG's asserted patents, and on that basis deny any other allegations set forth in Paragraph 29.

30. Defendants deny that they infringe any claim of WAG's asserted patents, and on that basis deny any other allegations set forth in Paragraph 30.

31. Defendants deny the allegations set forth in Paragraph 31.

32. Defendants deny the allegations set forth in Paragraph 32.

## THE PATENTS-IN-SUIT

33. Defendants admit that WAG is presently asserting U.S. Patent Nos. 8,122,141, 8,327,011, 8,185,611 and 8,364,839 in this action with the titles and issue dates alleged in Paragraph 33. Defendants deny all remaining allegations of Paragraph 33.

34. Defendants deny that Plaintiff owns all rights to recover for past and ongoing infringement of the Patents-in-Suit.  The remaining allegations set forth in Paragraph 34 are legal conclusions that do not require a response from Defendants.

35. Paragraph 35 states a legal conclusion and does not require a response from Defendants.

36. Defendants deny the allegations set forth in Paragraph 36.

37. Defendants admit that they were served the Complaint and Summons on June 3, 2014.

38. Paragraph 38 requires no response from Defendants.

## COUNT 1 – ALLEGED DIRECT INFRINGEMENT OF THE '141 PATENT

39. Defendants repeat, reallege and incorporate by reference their responses and answers to the preceding paragraphs as if fully restated herein.

40. Paragraph 40 does not require a response from Defendants.  The Patent Laws of the United States, 35 U.S.C. § 1 et seq. speak for themselves.

41. Defendants deny the allegations set forth in Paragraph 41.

42. Defendants deny the allegations set forth in Paragraph 42.

43. Defendants deny the allegations set forth in Paragraph 43.

44. Defendants deny the allegations set forth in Paragraph 44.

45. Defendants deny the allegations set forth in Paragraph 45.

46. Defendants deny the allegations set forth in Paragraph 46.

47. Defendants deny the allegations set forth in Paragraph 47.

48. Defendants deny the allegations set forth in Paragraph 48.

49. Defendants deny the allegations set forth in Paragraph 49.

50. Defendants deny the allegations set forth in Paragraph 50.

51. Defendants deny the allegations set forth in Paragraph 51.

52. Defendants deny the allegations set forth in Paragraph 52.

## COUNT II – ALLEGED INDUCED INFRINGEMENT OF THE '141 PATENT

53. Defendants repeat, reallege and incorporate by reference their responses and answers to the preceding paragraphs as if fully restated herein.

54. Paragraph 54 does not require a response from Defendants.  The Patent Laws of the United States, 35 U.S.C. § 1 et seq. speak for themselves.

55. Defendants deny the allegations set forth in Paragraph 55.

56. Defendants deny the allegations set forth in Paragraph 56.

57. Defendants deny the allegations set forth in Paragraph 57.

58. Defendants deny the allegations set forth in Paragraph 58.

59. Defendants deny the allegations set forth in Paragraph 59.

60. Defendants deny the allegations set forth in Paragraph 60.

61. Defendants deny the allegations set forth in Paragraph 61.

62. Defendants deny the allegations set forth in Paragraph 62.

## COUNT III – ALLEGED DIRECT INFRINGEMENT OF THE '011 PATENT

63. Defendants repeat, reallege and incorporate by reference their responses and answers to the preceding paragraphs as if fully restated herein.

64. Defendants deny the allegations set forth in Paragraph 64.

65. Defendants deny the allegations set forth in Paragraph 65.

66. Defendants deny the allegations set forth in Paragraph 66.

67. Defendants deny the allegations set forth in Paragraph 67.

68. Defendants deny the allegations set forth in Paragraph 68.

69. Defendants deny the allegations set forth in Paragraph 69.

## COUNT IV – ALLEGED INDUCED INFRINGEMENT OF THE '011 PATENT

70. Defendants repeat, reallege and incorporate by reference their responses and answers to the preceding paragraphs as if fully restated herein.

71. Defendants deny the allegations set forth in Paragraph 71.

72. Defendants deny the allegations set forth in Paragraph 72.

73. Defendants deny the allegations set forth in Paragraph 73.

74. Defendants deny the allegations set forth in Paragraph 74.

75. Defendants deny the allegations set forth in Paragraph 75.

76. Defendants deny the allegations set forth in Paragraph 76

77. Defendants deny the allegations set forth in Paragraph 77.

78. Defendants deny the allegations set forth in Paragraph 78.

## COUNT V – ALLEGED DIRECT INFRINGEMENT OF THE '611 PATENT

79. Defendants repeat, reallege and incorporate by reference their responses and answers to the preceding paragraphs as if fully restated herein.

80. Defendants deny the allegations set forth in Paragraph 80.

81. Defendants deny the allegations set forth in Paragraph 81.

82. Defendants deny the allegations set forth in Paragraph 82.

83. Defendants deny the allegations set forth in Paragraph 83.

## COUNT VI – ALLEGED DIRECT INFRINGEMENT OF THE '839 PATENT

84. Defendants repeat, reallege and incorporate by reference their responses and answers to the preceding paragraphs as if fully restated herein.

85. Defendants deny the allegations set forth in Paragraph 85.

86. Defendants deny the allegations set forth in Paragraph 86.

87. Defendants deny the allegations set forth in Paragraph 87.

88. Defendants deny the allegations set forth in Paragraph 88.

## COUNT VII – WILLFUL INFRINGEMENT

89. Defendants repeat, reallege and incorporate by reference their responses and answers to the preceding paragraphs as if fully restated herein.

90. Paragraph 90 does not require a response from Defendants. The Patent Laws of the United States, 35 U.S.C. § 1 et seq. speak for themselves.

91. Paragraph 91 does not require a response from Defendants. The Patent Laws of the United States, 35 U.S.C. § 1 et seq. speak for themselves.

92. Defendants deny the allegations set forth in Paragraph 92.

93. Defendants deny the allegations set forth in Paragraph 93.

94. Defendants deny the allegations set forth in Paragraph 94.

95. Defendants deny the allegations set forth in Paragraph 95.

96. Defendants deny the allegations set forth in Paragraph 96.

## DEMAND FOR JURY TRIAL

97. WAG's demand for trial by jury on all issues does not require a response from Defendants.

## GENERAL DENIAL

98. Defendants further deny each allegation contained in the FAC that was not specifically admitted, denied, or otherwise responded to herein. Any omission, inadvertent or otherwise, shall not be deemed to be admissions to any of allegation in WAG's FAC

## WAG'S PRAYER FOR RELIEF

99. Defendants deny any and all allegations contained in the remainder of the FAC and further deny that WAG is entitled to any of the relief requested in Paragraphs a through g of its Prayer for Relief, or to any other relief requested in its FAC.

## DEFENDANTS' DEFENSES

1. Defendants assert the following affirmative and other defenses, and in asserting such defenses, do not concede that they bear the burden of proof as to any of the defenses pled. Defendants reserve the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this case.

## 1ST DEFENSE: INVALIDITY OF THE '141 PATENT

2. One or more claims of the '141 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

3. One or more claims of the '141 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

4. One or more claims of the '141 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## 2ND DEFENSE: INVALIDITY OF THE '011 PATENT

5. One or more claims of the '011 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

6. One or more claims of the '011 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

7. One or more claims of the '011 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## 3RD DEFENSE: INVALIDITY OF THE '611 PATENT

8.     One or more claims of the '611 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

9.     One or more claims of the '611 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

10.     One or more claims of the '611 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## 4TH DEFENSE: INVALIDITY OF THE '839 PATENT

11.     One or more claims of the '839 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

12.     One or more claims of the '839 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

13. One or more claims of the '839 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## 5th DEFENSE: NON-INFRINGEMENT OF THE '141 PATENT

14. Defendants have not engaged in any acts that would constitute infringement, contributory infringement, indirect infringement, inducement to infringe, willful infringement or infringement under the doctrine of equivalents of any claim of the '141 patent.

## 6th DEFENSE: NON-INFRINGEMENT OF THE '011 PATENT

15. Defendants have not engaged in any acts that would constitute infringement, contributory infringement, indirect infringement, inducement to infringe, willful infringement or

infringement under the doctrine of equivalents of any claim of the '011 patent.

## 7th DEFENSE: NON-INFRINGEMENT OF THE '611 PATENT

16. Defendants have not engaged in any acts that would constitute infringement, contributory infringement, indirect infringement, inducement to infringe, willful infringement or infringement under the doctrine of equivalents of any claim of the '611 patent.

## 8th DEFENSE: NON-INFRINGEMENT OF THE '839 PATENT

17. Defendants have not engaged in any acts that would constitute infringement, contributory infringement, indirect infringement, inducement to infringe, willful infringement or infringement under the doctrine of equivalents of any claim of the '839 patent.

## 9th DEFENSE – EQUITABLE DEFENSES

18. WAG's alleged causes of action are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, laches, acquiescence and/or waiver.

## 10th DEFENSE – UNENFORCEABILITY OF THE '141 PATENT

19. The claims of the '141 Patent are unenforceable for having errors that are not evident from the face of the patent. WAG has failed to seek correction of those claims under 35 U.S.C. § 254.

## 11th DEFENSE – FAILURE TO STATE A CLAIM

20. WAG's FAC fails to state a claim upon which relief can be granted.

## 12th DEFENSE – PROSECUTION HISTORY ESTOPPEL

21. WAG's alleged causes of action are barred, in whole or in part, by prosecution history estoppel, as WAG is estopped from construing the claims to cover or include, either literally or by application of the doctrine of equivalents, products manufactured, used, imported, sold, or offered for sale by Defendants, or methods used by Defendants, because of admissions and statements to

the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the Patents-in-Suit and/or limitations in the claims of the Patents-in-Suit.

## 13th DEFENSE – LIMITATION ON DAMAGES & COSTS

22.    WAG's claims for relief and damages are limited by 35 U.S.C. §§ 286, 287. WAG's recovery of costs is limited under 35 U.S.C. § 288. WAG is barred in whole or in part from recovering damages under 35 U.S.C. § 287 for, *inter alia,* failing to give actual or constructive notice of the Patents-in-Suit.  Upon information and belief, WAG has never marked, nor has required others to mark, with the Patents-in-Suit, any products that may practice the claimed invention.

23.    Pursuant to the United States Bankruptcy Court Order in *PMGI Holdings, Inc. et al.*, Case No. 13-12404 (CSS) (D. Del.), and agreement with counsel for WAG, WAG's damages are further limited as against FriendFinder Networks Inc. and Streamray Inc. to acts, occurrences, etc. that occurred after December 20, 2013.

## 14th DEFENSE – NO INJUNCTIVE RELIEF

24.    WAG is not entitled to any injunctive relief because any injury to WAG is neither immediate nor irreparable, WAG has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## 15TH DEFENSE – LACK OF STANDING

25.    WAG's claims of infringement are barred for lack of constitutional standing as WAG is not the lawful owner or assignee of the Patents-in-Suit.

## RESERVATION OF ADDITIONAL DEFENSES

26.    Defendants reserve any and all additional defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity that may now exist or in the future be available based on discovery and further investigation in this case.

## DEMAND FOR JURY TRIAL

27.    In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

FriendFinder Networks Inc. and Streamray Inc. (collectively "Counterclaimant-Plaintiffs" hereinafter in these Counterclaims), by and through their undersigned counsel, hereby file these Counterclaims against Counter-Defendant WAG Acquisition, L.L.C. ("WAG"), and in so doing allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these Counterclaims for declaratory relief under Title 35 of the United States Code, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

2. Venue is proper in this Court because WAG has consented to venue in the District of New Jersey by filing its claims for patent infringement in this Court.

3. By virtue of WAG's filing of the instant action, this Court has personal jurisdiction over WAG.

### PARTIES

4. FriendFinder Networks Inc. is a Delaware corporation with its principal place of business at 910 E. Hamilton Avenue, Campbell, California 94089.

5. Streamray Inc. is a Nevada corporation with its principal place of business at 910 E. Hamilton Avenue, Campbell, California 94089.

6. On information and belief, WAG is a New Jersey limited liability company with its principal place of business at 3 Gold Mine Road, Suite 104, Flanders, New Jersey 07836.

**FACTS**

7. WAG has alleged that it is the lawful owner by assignment of U.S. Patent No. 8,122,141 ("the '141 Patent") which includes the title "Streaming Media Buffering System" and issue date of February 21, 2012 on the face of the patent.

8. WAG has alleged that it is the lawful owner by assignment of U.S. Patent No. 8,327,011 ("the '011 Patent") which includes the title "Streaming Media Buffering System" and issue date of December 4, 2012 on the face of the patent.

9. WAG has alleged that it is the lawful owner by assignment of U.S. Patent No. 8,185,611 ("the '611 Patent") which includes the title "Streaming Media Buffering System" and issue date of May 22 2012 on the face of the patent.

10. WAG has alleged that it is the lawful owner by assignment of U.S. Patent No. 8,364,839 ("the '839 Patent") which includes the title "Streaming Media Buffering System" and issue date of January 29, 2013 on the face of the patent.

11. WAG has sued Counterclaimant-Plaintiffs for patent infringement, alleging that they have infringed one or more claims of the '141, '011, 611 and '839 Patents.

12. As a result, there exists an actual and continuing controversy between Counterclaimant-Plaintiffs and WAG.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '141 PATENT**

13. Counterclaimant-Plaintiffs repeat and reallege the allegations of Paragraphs 1-12 as if fully set forth herein.

14. Counterclaimant-Plaintiffs have not and do not infringe any valid and enforceable claim of the '141 Patent under 35 U.S.C. § 271 et seq.

15. Counterclaimant-Plaintiffs have not and do not directly infringe, either individually or jointly, any valid and enforceable claim of the '141 Patent under 35 U.S.C. § 271(a).

16. Counterclaimant-Plaintiffs have not and do not induce the infringement of any valid and enforceable claim of the '141 Patent under 35 U.S.C. § 271(b).

17. Counterclaimant-Plaintiffs have not and do not willfully infringe any valid and enforceable claim of the '141 Patent.

**COUNT II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '011 PATENT**

18. Counterclaimant-Plaintiffs repeat and reallege the allegations of Paragraphs 1-17 as if fully set forth herein.

19. Counterclaimant-Plaintiffs have not and do not infringe any valid and enforceable claim of the '011 Patent under 35 U.S.C. § 271 et seq.

20. Counterclaimant-Plaintiffs have not and do not directly infringe, either individually or jointly, any valid and enforceable claim of the '011 Patent under 35 U.S.C. § 271(a).

21. Counterclaimant-Plaintiffs have not and do not induce the infringement of any valid and enforceable claim of the '011 Patent under 35 U.S.C. § 271(b).

22. Counterclaimant-Plaintiffs have not and do not willfully infringe any valid and enforceable claim of the '011 Patent.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '611 PATENT

23.   Counterclaimant-Plaintiffs repeat and reallege the allegations of Paragraphs 1-22 as if fully set forth herein.

24.   Counterclaimant-Plaintiffs have not and do not infringe any valid and enforceable claim of the '611 Patent under 35 U.S.C. § 271 et seq.

25.   Counterclaimant-Plaintiffs have not and do not directly infringe, either individually or jointly, any valid and enforceable claim of the '611 Patent under 35 U.S.C. § 271(a).

26.   Counterclaimant-Plaintiffs have not and do not induce the infringement of any valid and enforceable claim of the '611 Patent under 35 U.S.C. § 271(b).

27.   Counterclaimant-Plaintiffs have not and do not willfully infringe any valid and enforceable claim of the '611 Patent.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '839 PATENT

28.   Counterclaimant-Plaintiffs repeat and reallege the allegations of Paragraphs 1-27 as if fully set forth herein.

29.   Counterclaimant-Plaintiffs have not and do not infringe any valid and enforceable claim of the '839 Patent under 35 U.S.C. § 271 et seq.

30.   Counterclaimant-Plaintiffs have not and do not directly infringe, either individually or jointly, any valid and enforceable claim of the '839 Patent under 35 U.S.C. § 271(a).

31.   Counterclaimant-Plaintiffs have not and do not induce the infringement of any valid and enforceable claim of the '839 Patent under 35 U.S.C. § 271(b).

32.   Counterclaimant-Plaintiffs have not and do not willfully infringe any valid and enforceable claim of the '839 Patent.

## COUNT V
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '141 PATENT

33.   Counterclaimant-Plaintiffs repeat and reallege the allegations of Paragraphs 1-32 as if fully set forth herein.

34.   The claims of the '141 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

35.   The claims of the '141 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

36.   The claims of the '141 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## COUNT VI
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '011 PATENT

37.   Counterclaimant-Plaintiffs repeat and reallege the allegations of Paragraphs 1-36 as if fully set forth herein.

38.   The claims of the '011 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

39.   The claims of the '011 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

40.   The claims of the '011 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

**COUNT VII**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '611 PATENT**

41. Counterclaimant-Plaintiffs repeat and reallege the allegations of Paragraphs 1-40 as if fully set forth herein.

42. The claims of the '611 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

43. The claims of the '611 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

44. The claims of the '611 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

**COUNT VIII**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '839 PATENT**

45. Counterclaimant-Plaintiffs repeat and reallege the allegations of Paragraphs 1-44 as if fully set forth herein.

46. The claims of the '839 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

47. The claims of the '839 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

48. The claims of the '839 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Counterclaimant-Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

a. Dismiss with prejudice WAG's Amended Complaint against Counterclaimant-Plaintiffs;

b. Hold that WAG is not entitled to any relief, whether in law or equity or otherwise, from its suit against Counterclaimant-Plaintiffs;

c. Declare that Counterclaimant-Plaintiffs has not infringed and does not infringe any claim of the '141 Patent;

d. Declare that Counterclaimant-Plaintiffs has not infringed and does not infringe any claim of the '011 Patent;

e. Declare that Counterclaimant-Plaintiffs has not infringed and does not infringe any claim of the '611 Patent;

f. Declare that Counterclaimant-Plaintiffs has not infringed and does not infringe any claim of the '839 Patent;

g. Declare that each and every claim of the '141 Patent is invalid;

h. Declare that each and every claim of the '011 Patent is invalid;

i. Declare that each and every claim of the '611 Patent is invalid;

j. Declare that each and every claim of the '839 Patent is invalid;

k. Find this case exceptional and award Counterclaimant-Plaintiffs their costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

l.   Award Counterclaimant-Plaintiffs any additional relief as the Court may deem appropriate and just under the circumstances.

## **<u>DEMAND FOR JURY TRIAL</u>**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Counterclaimant-Plaintiffs respectfully demand a jury trial of all issues triable to a jury in this action.

Dated November 16, 2015
Newark, New Jersey

<u>s/ Keith J. Miller</u>
Keith J. Miller
Justin T. Quinn
ROBINSON MILLER LLC
One Newark Center
Newark, New Jersey 07102
973-690-5400
kmiller@rwmlegal.com
jquinn@rwmlegal.com

OF COUNSEL:
Frank M. Gasparo (Pro Hac Vice)
Ralph A. Dengler (Pro Hac Vice)
Todd M. Nosher
Andrew P. MacArthur
VENABLE LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone No.:  (212) 307-5500
Facsimile No.:  (212) 307-5598
FMGasparo@venable.com
RADengler@venable.com
TMNosher@venable.com
APMacArthur@Venable.com

*Attorneys for Defendants FriendFinder Networks, Inc. and Streamray Inc.*

## <u>CERTIFICATE OF SERVICE</u>

On this 16th day of November, 2015, I certify that I served a copy of the foregoing Response to the First Amended Complaint upon counsel for Plaintiff via the Court's ECF filing system.

Dated: November 16, 2015

s/ Keith J. Miller